**POST & TABACK, INC., Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE
and United States of America,
Respondents.**

No. 04–1128.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 11, 2005.

Kevin Patrick Claffey, Gentile & Dickler, New York, NY, for Petitioner.

James Michael Kelly, Associate General Counsel, Margaret Marie Breinholt, Counsel, Leslie K. Lagomarcino, U.S. Department of Agriculture, Washington, DC, for Respondents.

Before: GINSBURG, Chief Judge, and HENDERSON and RANDOLPH, Circuit Judges.

## JUDGMENT

This cause was considered on the record compiled before the Secretary of Agriculture and on the briefs of the parties. It is ORDERED AND ADJUDGED that the petition for review be DENIED for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Post & Taback petitions for review of the Secretary of Agriculture's decision and order concluding that Post & Taback "engaged in willful, flagrant, and repeated violations" of § 2(4) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499b(4), by "failing to make full payment promptly to its produce sellers" and by "the payment of bribes and unlawful gratuities to a United States Department of Agriculture inspector." JA 242.

■ As to the first ground for the Secretary's decision, Post & Taback argues "this case should have been considered a slow pay rather than a no-pay case" because, after being sued by numerous suppliers, it paid the judgments entered by the district court prior to the hearing date on the USDA complaint. Brief of Petitioner at 8. As the Secretary makes clear, however, the judgment of the district court awarded Post & Taback's creditors only "75 cents on the dollar for their claims in exchange for waiving any further proceedings by them against Post & Taback." Brief of Respondent at 11. Such a compromise hardly satisfies the requirement of "full payment promptly." 7 U.S.C. § 499b(4). Further, "[o]nly 37 of the 58 creditors listed in the Agency's complaint filed claims" against Post & Taback in the district court, and "Post & Taback failed to

provide a scintilla of evidence at the administrative hearing that it paid the creditors who were not parties to the trust action a single cent." Brief of Respondent at 20–21.

■ Post & Taback also contends all of its "PACA debt .... was extinguished as a matter of law when each creditors' claim was merged into a judgment," and that the Secretary is barred by the doctrine of res judicata from concluding otherwise. Brief of Petitioner at 11. The Secretary, however, was neither a party nor privy to the civil actions against Post & Taback in the district court, and is therefore not precluded by those adjudications. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

■ As to the second ground, Post & Taback contends the Secretary erred in holding it responsible for the conduct of its employee, who bribed a USDA inspector in exchange for favorable inspections of fruits and vegetables. The PACA provides that "the act, omission, or failure of any agent, officer, or other person acting for or employed by any [regulated entity] within the scope of his employment or office, shall in every case be deemed the act, omission, or failure of such [regulated entity]." 7 U.S.C. § 499p. As the Secretary points out, "the plain language of the statute provides no escape hatch for merchants ... who allege ignorance of their employees' misconduct." Brief of Respondent at 30; *see also H.C. MacClaren, Inc. v. USDA,* 342 F.3d 584, 591 (6th Cir.2003).

■ Post & Taback's argument that the Secretary should have looked to New York Penal Law § 20.20 to determine "when ... a criminal act [is] within the scope of employment such that the corporate entity may be held vicariously liable" is contrary to precedent. Brief of Petitioner at 13. When the Congress uses a common law

concept, such as "the scope of employment," the Supreme Court has directed that we rely "on the general common law of agency, rather than on the law of any particular State, to give meaning to these terms." *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 740, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). Moreover, even were it proper to incorporate New York law, it would not be the provision Post & Taback advances, as the proceedings before the Secretary were part of a regulatory licensing scheme rather than a criminal prosecution.